IN THE SUPERIOR COURT OF GUAM

CIVIL CASE NO. CV1782-11

ROBERT V. ULLOA, GERALD D. HARTWICK, PRISCILLA J. HARTWICK, and KENNETH E. THOMPSON,

    Petitioners,

    vs.

WALTER D. ULLOA, VIVIAN U. McCURDY, and LISA A. ULLOA,

    Respondents.

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on the Respondents' motion to abate, filed November 9, 2011. Oral arguments were heard on November 23, 2011. Attorney Bill R. Mann represented the Petitioners and Attorney Carlos L. Taitano appeared on behalf of the Respondents. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

This dispute involves the direction and control of Chamorro Equities, Inc. (hereinafter "CEI"), a small family corporation with approximately fifteen (15) shareholders. (Declaration of Bill R. Mann, Exhibit "6" (Nov. 14, 2011); Certificate of Respondents' Counsel, Exhibit "D" (Nov. 9, 2011).) On August 24, 2011, shareholder Walter D. Ulloa (hereinafter "Walter") petitioned the Superior Court in Civil Case No. CV1431-11 to order a meeting of CEI pursuant to 18 GCA § 2210 and to hold an annual election of directors pursuant to 18 GCA § 2202. (Certificate of Respondents' Counsel, Exhibit "D" at 3, Nov. 9, 2011.)

Walter's petition was granted and CEI held a meeting on October 4, 2011 where Respondents Walter, Vivian U. McCurdy and Lisa A. Ulloa were elected directors of CEI. *Id.* at 4; Declaration of Bill R. Mann, Exhibit "14" (Nov. 14, 2011). On October 5, 2011, CEI's directors removed Petitioners Robert V. Ulloa (hereinafter "Robert"), Gerald D. Hartwick and

Kenneth E. Thompson from their positions as officers of the corporation. (Declaration of Bill R. Mann, Exhibit "15" (Nov. 14, 2011).)

On October 21, 2011, the Court in CV1431-11 granted a motion filed by Robert to: 1) vacate its first order to compel a shareholder meeting; 2) invalidate the October 4 election of directors and the October 5 appointment of new corporate officers; and 3) order that a second stockholder meeting and election take place on October 25, 2011. *Id.* at Exhibit "3". Pursuant to that order, CEI held a second meeting and elected the seven (7) Petitioners and Respondents as directors. *Id.* at Exhibit "9".

On October 28, 2011, Walter filed Civil Appeal No. CVA11-020 to reverse and vacate the October 21 order in CV1431-11 and to declare that the first CEI election was lawful. (Certificate of Respondents' Counsel, Exhibits "B" and "D", 27 (Nov. 9, 2011).) The appeal names Robert, Gerald D. Hartwick, Kenneth E. Thompson and Priscilla J. Hartwick as Respondents. *Id.* at Exhibit "C", 2. On November 3, 2011, Robert filed the present petition to confirm the validity of the October 25 election pursuant to 18 GCA § 2212.

## DISCUSSION

The Supreme Court of Guam recognizes that "[a]batement of legal proceedings, often referred to as the prior pending action doctrine, may occur when, 'a claim involves the same subject matter and parties as a previously-filed action so that the same facts and issues are presented.'" *Yokeno v. Sekiguchi*, Case No. CVA10-006, *Order*, 1:24-26 (Sup. Ct. Guam, Oct. 27, 2010, Torres, C.J.) (quoting *Estate of Holtmeyer v. Piontek*, 913 S.W.2d 352, 357 (Mo. Ct. App. 1996)). In other words, "the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal, because when two separate suits are virtually alike, the second suit is deemed unnecessary, oppressive and vexatious." *Id.* at 1:28-2:3 (internal quotation marks omitted) (quoting *Gaudio v. Gaudio*, 580 A.2d 1212, 1218 (Conn. App. Ct. 1990)).

In this case, the Respondents move the Court to abate and thus dismiss this action on the basis that Civil Case No. CV1431-11 is a prior pending action that is currently on appeal before the Supreme Court of Guam in Appeal No. CVA11-020. The Petitioners oppose abatement on

the grounds that the alleged prior pending action does not involve the same subject matter, the same parties, or the same prayers for relief. The Court shall examine both actions to determine whether abatement is appropriate in this case.

The Guam Supreme Court acknowledges that a complete identity of the same parties is not necessary in order to abate and dismiss under the prior pending action doctrine. *Yokeno*, CVA10-006, *Order*, 2:8 (citing *J.D. Candler Roofing Co., Inc. v. Dickson*, 386 N.W.2d 605, 608 (Mich. Ct. App. 1986)). It is only necessary that the two actions present a substantial identity of the same parties. *Id.* at 2:12-13 (citing *Barringer v. Zgoda*, 458 N.Y.S.2d 42, 43 (N.Y. App. Div. 1982)). It is "well settled that a dismissal where another case is pending does not require a finding that the litigants in the two actions are identical. The 'same parties' requirement is met where the litigants' interests are sufficiently similar, even though the litigants differ in name or number." *Id.* at 2:16-19 (internal quotation marks omitted)(citing *Skipper Marine Electronics v. Cybernet Marine Products*, 558 N.E.2d 324, 326 (Ill. App. Ct. 1990)); *see also Annie Gardner Foundation v. Gardner*, 375 S.W.2d 705, 708 (Ky. 1964) ("abatement is allowed where the parties are reversed").

In the present matter, the parties in the prior pending action are not exactly identical to the case at bar. The parties are reversed: the Respondents in CV1431-11 are the Petitioners in this case and the Petitioner in CV1431-11 is a Respondent in this case. In addition, two more CEI shareholders are named as Respondents in this case and they are not parties in CV1431-11. On these facts, the parties are sufficiently similar to invoke the prior pending action doctrine. The parties are merely reversed, and each litigant in both actions shares a similar interest in CEI as a shareholder. Furthermore, the additional shareholders in the present case are similarly situated with Walter in the prior pending action because they are all opponents of the October 25, 2011 election. For these reasons, the parties in both cases are sufficiently similar to grant a motion for abatement.

In addition to similar parties, abatement requires that, "the two suits 'must be based on the same or substantially the same cause of action." *Yokeno*, CVA10-006, *Order*, at 2:8-9 (quoting *J.D. Candler Roofing Co., Inc. v. Dickson*, 386 N.W.2d 605, 608 (Mich. Ct. App. 1986)). In

other words, a disparity in the legal theory, issues, burden of proof or relief sought in the two actions would not bar abatement where the two actions arise out of the same transaction or occurrence and there is a substantial similarity of issues between them. *Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.*, 122 Ill.App.3d 504, 508, 461 N.E.2d 44 (Ill.App.Ct. 1984); *see People ex rel. Phillips Petroleum Co. v. Gitchoff*, 357 N.E.2d 534, 537 (Ill. 1976) ("Neither the parties nor the causes need be identical; a substantial similarity will suffice."). Therefore, in evaluating whether a subsequent action should be abated, a crucial inquiry includes whether the two actions arise out of the same set of facts, transaction or occurrence, not whether the legal theory, issues, burden of proof or relief sought materially differ between the two actions. *Terracom Development Group v. Village of Westhaven*, 209 Ill.App.3d 758, 762, 568 N.E.2d 376, 378 (1991).[1]

In this matter, the prior pending appeal concerns whether the trial court was correct to invalidate the October 4, 2011 shareholder election and to order a second shareholder election that took place on October 25, 2011. The appeal seeks to invalidate the October 25 election and to affirm the results of the October 4 election. The issue in the subsequent case presently before this court is whether the results of the October 25 election are valid or invalid. The issues between the two cases are substantially similar in that they both involve the validity of the two shareholder elections. The central issue of both cases is a binary proposition: the October 4 election is valid and the October 25 election is invalid, or vice versa. Further, the two cases arise from the same set of facts, transaction or occurrence. The appeal stems from the order invalidating the October 4 election which simultaneously ordered the occurrence of the October 25 election. Meanwhile, the subsequent case arises from the October 25 election which would

---

[1] *See also Philips Electronics, N.V. v. New Hampshire Ins. Co.*, 295 Ill.App.3d 895, 692 N.E.2d 1268, 1277 (1998) ("The central inquiry, then, is whether the relief requested rests on substantially the same facts."); *Lawyers Title Ins. Corp. v. Superior Court*, 151 Cal.App.3d 455, 458 (Ct.App. 1984) ("The pendency of another action growing out of the same transaction is a ground for abatement of the second action."); *Palatine Nat'l Bank v. Guardian Tampa Limited Partnership*, 131 Ill.App.3d 441, 444, 475 N.E.2d 1045 (Ill.Ct.App. 1985) (citations omitted) ("But the same cause element of [abatement] is satisfied when both causes are based on substantially the same underlying facts or issues. And the fact that the legal theories for the causes are not identical does not destroy the same cause element."); *Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.*, 122 Ill.App.3d 504, 508, 461 N.E.2d 44 (Ill.App.Ct. 1984) ("Merely because there were other additional issues and questions in [one] case does not destroy the substantial similarity of this issue between the two cases.").

not have occurred but for the same order currently on appeal. For these reasons, the issues in both cases are sufficiently similar to grant a motion for abatement.

In opposition, the Petitioners further argue that abatement is inappropriate because the remedies sought in the two actions are not identical. *Petitioners' Opp. To Respondents' Mot. To Abate Action*, page 3, lns. 12-16. However, the identity of relief sought does not bar abatement where two actions arise out of the same set of facts, transaction or occurrence. *See* discussion *supra; see also Halpern v. Board of Educ. Of City of Bristol*, 495 A.2d 265, 267 (Conn. 1985) (dismissal for prior pending action proper where different relief sought over same underlying rights); *Bayer v. Showmotion, Inc.*, 973 A.2d 381, 399 (Conn. 2009) ("The applicability of the prior pending action doctrine does not turn on whether the two actions seek the same remedy; but, as we have stated, 'whether they are brought to adjudicate the same underlying rights.'"). As discussed *supra*, both actions in this matter arise from the same occurrence and they both seek to adjudicate the underlying right of the CEI shareholders to hold a valid corporate election. For these reasons, abatement may be granted even though the remedies sought in the two actions are not identical.

Abatement and dismissal are also appropriate where the parties, subject matter and remedies sought are substantially the same in both suits such that the outcome of one will affect the adjudication of the other. *Centex Home Equity Corp. v. Robinson*, 776 N.E.2d 935, 945 (Ind.App.Ct. 2002). Put another way, the issues in two cases are substantially the same if a final judgment in the first action could be pled as a bar to the second action, warranting abatement of the second action. *See Trickey v. City of Long Beach*, 101 Cal.App.2d 871, 881-882, 226 P.2d 694, 700 (Ct.App. 1951); *Farmers State Bank of Plymouth v. Germer*, 437 N.W.2d 463, 466 (Neb. 1989); *Plant Insulation Co. v. Fibreboard Corp.*, 224 Cal.App.3d 781, 786-77 (Ct.App. 1990); *see also Acadian Gas Pipeline System v. Bourgeois*, 890 So.2d 634, 638 (La.Ct.App. 2004). Abatement is also warranted where the outcome of the first action may be pled as a defense or justification for the second action. *See Illinois Central Gulf RR Co. v. Goad*, 168 Ill.App.3d 541, 544-45 (App.Ct. 1988); *Village of Mapleton v. Cathy's Tap, Inc.*, 313 Ill.App.3d 264, 267 (App.Ct. 2000).

In this matter, the outcome of the prior pending appeal may affect the outcome of the present action. Walter's appeal asks the Guam Supreme Court to vacate the October 25, 2011 election and to validate the October 4, 2011 election. A decision in Walter's favor may be used to plead *res judicata* and to dismiss the present case concerning the October 25 election. Conversely, an appellate decision against Walter may be used in this case to defend against a motion to dismiss and to justify the October 25 election. For these reasons, the outcome of the prior pending action will affect the adjudication of the present action.

Finally, the Court should consider the practical results of abatement by considering the interrelation of the two cases at issue. *Dolenz v. Continental Nat. Bank of Ft. Worth*, 620 S.W.2d 572, 575 (Tex. 1981). The practical results of abatement may include judicial efficiency, convenience, and the necessity for orderly procedure. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *see Hartley v. Coker*, 843 S.W.2d 743, 747 (Tex.App.Ct. 1992).

In this case, the practical results of an inconsistent ruling without abatement could be irrevocable. It is possible for the present case to confirm the October 25, 2011 election before CVA11-020 revokes it and to thereby allow a confirmed CEI board to conduct business and enter into contracts with third parties before all of their actions are revoked and invalidated. This consequence is readily avoidable by an orderly procedure that resolves the prior pending action first in order to avoid an inconsistent ruling.

Alternatively, the court may consider a suspension of these proceedings until the Guam Supreme Court issues a decision in Appeal No. CVA11-020. *See Baer v. Fahnestock & Co.*, 565 F.2d 261, 263 (3d Cir. 1977) ("Pleas in abatement have had two distinct meanings under our legal traditions: 1) at common law, an abatement was an overthrow of a suit, the equivalent of a dismissal; 2) in equity, an abatement was an interruption or suspension of a suit, the equivalent of a stay of proceedings."). A stay of proceedings could prevent inconsistent rulings and the relitigation of issues because, as discussed *supra*, Appeal No. CVA11-020 will resolve the issue of whether the October 25, 2011 election itself is valid before this action confirms or denies the results of that election. *See Ruppel v. Ramseyer*, 33 F.Supp.2d 720, 725 (C.D.Ill. 1999); *Hartley*,

843 S.W.2d at 747. For this reason, the Court shall consider a stay of these proceedings in abatement.

A stay is a temporary suspension of procedure in a case until the happening of a defined contingency. *People v. Santana*, 182 Cal.App.3d 185, 190 (Ct.App. 1986). The power of a court to stay proceedings is incidental to the power inherent in every court to control the disposition of cases before it with economy of time and effort for the court, for counsel and for litigants alike. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163 (1936); *see Clinton v. Jones*, 520 U.S. 681, 706-707, 117 S.Ct. 1636 (1997). It is not necessary for the parties and the issues of two actions to be identical for one action to stay and abide the proceedings of another action. *Landis*, 299 U.S. at 254. In the decision to stay a case, a court must weigh the competing interests of: 1) the possible damage from granting a stay; 2) the hardship or inequity that would result from denying a stay; and 3) the simplification or complication of issues, proof and legal questions that would result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

In the case at bar, the competing interests weigh in favor of granting a stay. First, the possible damage from granting a stay is minimal, as CEI continues to function despite a prior pending appeal over the validity of the election. CEI may also continue to do business under a stay with the assistance of a court appointed receiver, if necessary. Second, hardship and inequity will result without a stay because a judgment in this action may render the Respondents' prior appeal moot and, more importantly, inconsistent judgments between these two related cases may invalidate corporate acts and harm third parties. *See* discussion *supra*. Third, the issues, proof and legal questions presented by the Petitioners will be simplified by a stay which allows the prior pending appeal to determine whether the October 25, 2011 election is valid before this action confirms or denies the results of that election under 18 GCA § 2212.

A prior pending action calls for a stay where a decision in the initial action settles issues in the subsequent action, or where a decision in the first action is essential to a decision in the second action. *Lewis v. Moultree*, 627 P.2d 94, 96 (Utah 1981); *see Estate of Lanterman v. Lanterman*, 462 N.E.2d 46, 51 (Ill.Ct.App. 1984). However, it is not a requirement that the

issues in the initial action control the subsequent action for a stay to be entered. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *see Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Indeed, a stay of proceedings is appropriate where the pending issues in the initial case merely assist the disposition of the subsequent case and a final judgment in the first case is not completely or necessarily dispositive upon the second case. *See Leyva*, 593 F.2d at 863-64; *CMAX, Inc.*, 300 F.2d at 269; *Mediterranean Enterprises, Inc.*, 708 F.2d at 1465; *Schiff v. Metzner*, 331 F.2d 963, 965 (2d Cir. 1964). Furthermore, the issuance of a stay is appropriate even where adjudication of the initial action would only affect some but not all of the issues in the subsequent case. *See Mediterranean Enterprises, Inc.*, 708 F.2d at 1465.

Finally, the stay of a subsequent action is especially appropriate where a prior pending *appeal* could impact the second action. *See, e.g., Salisbury v. Christian*, 891 N.Y.S.2d 830, 832 (N.Y.App.Ct. 2009); *Illinois Nat'l Ins. Co. v. Bolen*, 53 So.3d 388 (Fla.Ct.App. 2011); *Estate of Bass ex rel. Bass v. Katten*, 871 N.E.2d 914 (Ill.Ct.App. 2007). As one court notes:

> [T]he risk of multiple conflicting orders and the circuit court's potential for undermining the issues currently on appeal to this court are real. ... In these types of cases, courts have recognized the injurious affect [sic] of multiple, conflicting orders and the need for the circuit courts not to interfere with the jurisdiction of the courts of appeal when issues are then pending before them.

*Bergman v. Kaplan*, 922 So.2d 982, 982-83 (Fla.Ct.App. 2005).

In this case, a stay of proceedings pending resolution of the prior pending appeal is especially appropriate. The validity of the October 25, 2011 election is at issue in Appeal No. CVA11-020. That issue shall necessarily control or assist this Court in the adjudication of whether the election should be confirmed under 18 GCA § 2212. Regardless of whether the pending appeal is granted or denied, a stay of these subsequent proceedings shall avoid the injurious effect of conflicting orders and generally simplify the issues in both cases. For these reasons, the Court shall exercise its inherent power to stay these proceedings pending resolution of the prior pending appeal in Appeal No. CVA11-020.

## CONCLUSION

Based upon the foregoing, these proceedings are hereby STAYED pending a final resolution of Appeal No. CVA11-020.

**SO ORDERED this** _2nd_ **day of February, 2012.**



**HONORABLE JAMES L. CANTO II**
**Judge Superior Court of Guam**